[Civ. No. 6750. Second Appellate District, Division One.—January 23, 1931.]

F. L. BEVERLEY, Respondent, v. F. C. NOEL, Appellant.

Ben S. Hunter and James Farraher for Appellant.

Kennicott & Williams for Respondent.

YORK, J.—Action for an accounting. The complaint alleged that the parties engaged in a partnership in September, 1920, whereby the plaintiff was to obtain options on oil-bearing lands, and the defendant was to negotiate the same, the profits realized therefrom to be divided equally between the parties. The answer denied these allegations,

but admitted payment to respondent of certain sums of money for services rendered. The court found that the relation established was that of a joint enterprise, rather than a partnership, and this conclusion is not now a subject of dispute.

At the trial there was a sharp conflict in the testimony as to what was the agreement between the parties. The trial court found in favor of the plaintiff to the effect that the parties had engaged in a joint enterprise; that a profit was made; that there had been an accounting as to all business transacted between them, with the exception of four options—those known as the Carter, Harvey, Ralph and Wagner options and leases. As to these transactions, a reference was ordered, the court reserving to itself for settlement and determination, the propriety of all expenditures made in connection therewith. After the report of the referee had been made and approved, the court made its findings in favor of the plaintiff as to these four matters, setting forth the amount of gross profits derived therefrom, and the expenses properly deducible. Neither the referee's report, nor the evidence taken by him, can be found in the transcript.

From the judgment entered pursuant thereto, the defendant appeals, and makes the following specifications of error:

(1) That portion of finding of fact No. V to the effect that the Mrs. Wagner option, which was executed on November 14, 1921, was negotiated by appellant; that the respondent was entitled to a division of the net profits; and that the net profits amounted to $1180, is contrary to the evidence;

(2) Finding of fact No. VII to the effect that on June 23, 1923, appellant was indebted to respondent in the amount of $2,531.60 as one-half of the net profits on the said Carter, Ralph, Harvey and Wagner options, is contrary to the evidence;

(3) Finding of fact No. VIII to the effect that the appellant, for the joint benefit of appellant and respondent, made a profit which has been unaccounted for, of $8,793.74, of which $4,396.87, less $1865.27 paid respondent on account, was due respondent, is contrary to the evidence.

Appellant admits that there is no controversy at all as to the fact that the Carter, Harvey and Ralph leases came

directly through the plaintiff Beverley, but contends that the Wagner option was an "entirely new matter".

Appellant also admits that certain of the findings of fact. (Nos. III, IV and V) correctly state the gross commissions received by him for negotiating the various leases in controversy, but maintains that the court overlooked certain items of commission paid out by him to third parties in negotiating the said leases, and which, if taken into consideration, would disclose an overpayment to respondent rather than an underpayment. Appellant in this connection contends that there is no evidence in the record that, even by implication, contradicts or questions his testimony as to the payment of these commissions.

An examination of the record convinces us that there was sufficient evidence before the court to sustain each finding made. With reference to the Wagner lease, Mrs. Wagner testified that her option was obtained from her by plaintiff and that she never had any dealings with any of the third parties mentioned, or with anyone other than said plaintiff, until defendant presented to her the lease which she executed.

It is true that the defendant, while on the witness-stand, testified as to various amounts paid out by him to third parties, but there is nothing in the bill of exceptions or record to show that these expenditures were either reasonable or necessary to the consummation of the four leases in controversy. The testimony of defendant discloses that these third parties took little or no part in the matter of negotiating the options or in securing the leases. For instance, defendant testified that he paid one Mr. Shell the sum of $1226.45 for introducing him to Mr. Harvey and to a Mr. Bromley of the Barnsdale-Foster Company, an oil concern which leased one of the properties here involved. We do not know whether the evidence before the referee showed that these expenditures were necessary or unnecessary. The "report *ad interim*" of the referee, which we obtained from the superior court upon order, is incomplete, and we can find in it no statement of any such evidence, or any final report of the referee. In fact, the statement in the bill of exceptions is not the usual one as to the bill containing all of the evidence, or all of the evidence relating to the matters included in the appeal, but is in the follow-

ing phraseology: "The foregoing bill of exceptions contains all the evidence offered or taken and all exceptions and proceedings taken at the trial of said action, upon which defendant relies."

The case of *Fischer* v. *Martin,* a New Jersey case decided in 1929, reported in (N. J. Err. & App.) 147 Atl., at page 492, involves an arrangement similar to the one involved in the case at bar. There the defendant claimed allowance as a proper expenditure against the joint enterprise, the sum of $2,000 paid out by him to a third party for services rendered in connection with the transaction. It was there held that, while payments reasonably necessary made by either of the parties should be properly deducted from the total balance of the commissions and the balance divided equally, nevertheless, in the absence of proof that the payment made was requisite and necessary in order to bring about a successful closing of the transaction, such expenditure could not be allowed.

The judgment appealed from is affirmed.

Conrey, P. J., and Houser, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on March 24, 1931.